**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02636-GPG

PATRICK L. BRENNER,

    Applicant,

v.

EXECUTIVE DIRECTOR OF THE CDOC, and
WARDEN OF COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Respondents.

## SECOND ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Applicant Patrick L. Brenner initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court entered an Order to Cure Deficiencies on December 3, 2015, that directed him to submit a certified account statement. On January 25, 2016, rather than submit the statement, Applicant paid the $5 filing fee.

Upon review of the Application, the Court finds that Applicant is challenging his placement on restricted privileges status and requests an expungement of the record and compensation for out-of-pocket expense, which as presented to the Court is a challenge to the conditions of his confinement.

Like in Case No. 15-cv-02611-LTB, Applicant's attempt to file this action pursuant to 28 U.S.C. § 2241 is improper. Section 2241 requires an applicant to challenge the fact of and not the conditions of confinement. *See McIntosh v. United States Parole*

*Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[I]f a favorable resolution of the action would not automatically entitle the prisoner to *release*, the proper vehicle is 42 U.S.C. § 1983." *McIntosh*, 115 F.3d at 812 (citation omitted). Applicant's claims challenge the lack of due process in the hearing process to determine his placement on restricted privileges status. Even if Applicant were to obtain favorable resolution of his claims, he would not automatically be entitled to release. This action more properly would be asserted in a 42 U.S.C. § 1983 action as a challenge to the conditions of Applicant's confinement. Accordingly, it is

ORDERED that within thirty days Applicant respond and inform the Court how he would like to proceed in this action. It is

FURTHER ORDERED that if Applicant does not respond within thirty days and state to the Court how he would like to proceed with this action, the Court will proceed to address the 28 U.S.C. § 2241 action on the merits.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge