IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02636-GPG

PATRICK L. BRENNER

    Applicant,

v.

EXECUTIVE DIRECTOR OF THE CDOC, and
WARDEN OF THE COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Respondents.

## ORDER OF DISMISSAL

Applicant Patrick L. Brenner is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant initiated this action on December 3, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Subsequently, he paid the $5 filing fee.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an [application] reasonably can be read "to state a valid claim on which the [applicant] could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Applicant asserts jurisdiction pursuant to 28 U.S.C. § 2241. Construing the § 2241 Application liberally, *Haines*, 404 U.S. at 520-21, Applicant appears to be

challenging his termination from his Offender Care Aid job for playing cards and his subsequent classification on restricted privileges status.  Applicant otherwise asserts three claims: 1) that "Colo. R. Civ. P. 106(a)(4) [i]s the proper motion," and he was not notified within forty-eight hours of the hearing held on December 31, 2013, which he was not allowed to attend, ECF No. 2-3; (2) "I.A. 600-01 Offender Classification is a quasi-judicial function" that requires a review/hearing prior to placing a prisoner on restricted privileges and a forty-eight hour notice prior to the review/hearing, *id* at 3; and (3) "Defendant's must use the proper forms, for procedural Due Process," which they failed to do in notifying Applicant of the guilty findings, causing his Rule 106 petition to be untimely, *id.* at 3-4.  Applicant seeks "an Order be enter[ed] into [his] favor" and reimbursement of out of pocket expense and record expunged."  *Id.* at 5.

Section 2241 requires an applicant to challenge the fact of and not the conditions of confinement.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "[I]f a favorable resolution of the action would not automatically entitle the prisoner to *release*, the proper vehicle is 42 U.S.C. § 1983." *McIntosh*, 115 F.3d at 812 (citation omitted).  Applicant's claims challenge the lack of due process in the hearing process to determine his placement on restricted privileges status.  Even if Applicant were to obtain favorable resolution of his claims, he would not automatically be entitled to release.  This action more properly would be asserted in a 42 U.S.C. § 1983 action as a challenge to the conditions of Applicant's confinement.

Previously, Applicant filed a § 2241 action in which he challenged the deprivation of his personal property.  *See Brenner v. Executive Director of the CDOC*, No.

15-cv-02611-LTB (D. Colo. March 4, 2016). In Case No. 15-cv-02611-LTB, the Court instructed Applicant that his claims more properly were asserted pursuant to § 1983 and directed him to submit his claims to the Court on a Prisoner Complaint form. *See* No. 15-cv-02611-LTB at ECF No. 4. In response to the Court's directives, Applicant asserted that he did not wish to file a complaint over prison conditions and desired to make "the complaint a proper Habeas Corpus." *Id.* at 5. Magistrate Judge Gallagher then entered an order that discussed in detail the difference between a § 2241 action and a § 1983 action, allowed Applicant an opportunity to determine how he would like to proceed, and directed him to respond and inform the Court of his decision. *Id.* at ECF No. 6.

Subsequent to Magistrate Judge Gallagher's Order Applicant filed a motion to change the action from a § 2241 action to a § 2254 action and requested an extension of time to file the § 2254 action, which was granted. *See id.* at ECF Nos. 7 and 8. Applicant then filed a 28 U.S.C. § 2254 application in Case No. 15-cv-02611-LTB challenging the loss of his property and seeking reimbursement for the cost of the stolen canteen and property. *Id.* at ECF No. 10. The Court dismissed the action because nothing Applicant asserted in the § 2254 application or the original application affected the validity of his conviction. *Id.* at ECF No. 11.

Magistrate Judge Gallagher, like he did in Case No. 15-cv-02611-LTB, entered an order in this case on March 18, 2016, that discussed in detail the difference between a § 2241 action and a § 1983 action, allowed Applicant an opportunity to determine how he would like to proceed, and directed him to respond and inform the Court of his decision. *Id.* at ECF No. 8. On April 4, 2016, Applicant responded to the March 18 Order and stated that he "continues to assert that 28 U.S.C. 2241 is the proper vehicle," ECF No. 9

at 1, and requests that this Court "accept his Habeas Corpus as a remedy to the Administrated review," *id.* at 2.

Because Applicant has been specifically informed of the difference between a habeas action and a prisoner complaint and has indicated in this action that he desires to proceed with a § 2241 action, rather than a § 1983 action, the Court will dismiss this action.

The Court also notes that Applicant is subject to filing restrictions under 28 U.S.C. § 1915 because he has on three or more prior occasions brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim. *See* No. 15-cv-02611-LTB at ECF No. 6. By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions. Applicant was warned in Case No. 15-cv-02611-LTB that if he initiates any subsequent § 2241 actions in this Court that are attempts to circumvent his filing restrictions the Court will consider further sanctions against him other than those applicable under 28 U.S.C. § 1915(g). *See id.* at ECF No. 11. Because this action was filed prior to the warning issued in Case No. 15-cv-02611, the Court will refrain from imposing further sanctions in this case.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DENIED, and this case is DISMISSED with prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Dated this   28th   day of    April       , 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court